IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN H. MINOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.2:16-cv-904-MHT-SRW |
| ) | |
| JUDGE JOHN H. JACKSON, III, *et. al,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

I. **Introduction**

Plaintiff, who is proceeding *pro se*, filed this action on November 17, 2016, bringing claims pursuant to 42 U.S.C. § 1983 and the Americans with Disability Act ("ADA"). (Doc. 1 at pp. 7 and 15). In his complaint, Plaintiff alleges that the defendants' failure to return his prescription medications to him upon his release from jail caused him to be involved in an automobile accident in which he suffered property damage and personal injury. (Doc. 1 at pp. 4 and 5). He seeks money damages for these alleged injuries. (Doc.1 at p. 4). He names as Defendants Judge John H. Jackson, the City of Clanton Police Department, the Chief of Police and his jailer. (Doc. 1 at pp. 4 and 6). He further alleges that the acts underlying his claims occurred "July 2013 through Nov. 2013 on till Jan. 2014." (Doc. 1 at p. 16)

On June 1, 2018, this Court entered an Order granting Plaintiff's application to proceed *in forma pauperis.* (Doc. 9). In *forma pauperis* proceedings are governed by 28 U.S.C. § 1915, which requires this court to conduct a preliminary review of the complaint to ensure the action is not "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary

relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Court now conducts such a review pursuant to 28 U.S.C. § 1915.

## II. DISCUSSION

Because Plaintiff proceeds *pro se*, the court will liberally construe the allegations of his complaint. *See Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). Additionally, "[a] pro se plaintiff '*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice' at least where a more carefully drafted complaint might state a claim." *See Carter v. HSBC Mortg. Serv.*, 622 Fed. App'x 783, 786 (11th Cir. 2015) (emphasis in original) (citing *Bank v. Pitt*, 928 F. 2d 1008, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F. 3d 541, 542 (11th Cir. 2002) (en banc)). Where it is futile for a plaintiff to file an amended complaint because "a more carefully drafted complaint could not state a claim," there is no need to allow plaintiff to amend. *Id.* For the reasons set forth in this Recommendation, the Court concludes it would be futile in this instance for Plaintiff to be given an opportunity to amend.

### A. § 1983 claims

Plaintiff brings claims pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his Fifth and Fourteenth Amendment rights when they failed to return his prescription medications to him upon his release from jail. He maintains that this failure caused him to be involved in a car accident in which he suffered property damage and personal injury. (Doc. 1 at pp. 4, 5, 15). The acts underlying his claims occurred "July 2013 through Nov. 2013 on till Jan. 2014." (Doc. 1 at p. 16). It is clear from the complaint that Plaintiff challenges the constitutionality of actions which, as he specifically acknowledges, took place at the earliest in July 2013, and at the latest in January 2014.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia,* 471 U.S. 261, 275-76, 105 S.Ct. 1983, 1946-47, 85L.Ed.2d 254 (1985) [The plaintiff's] claims was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin,* 876 F. 2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen,* 515 F. 3d 1168, 1173 (11th Cir. 2008). Because Plaintiff filed his complaint on November 17, 2016, the Court concludes that his § 1983 claims – all of which, by his own admission, occurred prior to November 17, 2014 – are barred by the two-year statute of limitations applicable to a federal civil action brought under 42 U.S.C. § 1983. (Doc. 1 at p. 16).

Plaintiff requests tolling of the statute of limitations "on grounds accident was Oct 2013 but it was May 2014 had surgery on neck. My mentle [sic] stability was gone. Could not walk or use hands." (Doc. 1-1 p.2). However, even if the court adopts the Plaintiff's alleged May, 2014 date for tolling, Plaintiff's claims still clearly fall outside the two-year bar. *McNair,* 515 F. 3d at 1173. Moreover, Plaintiff does not allege that he meets the 19-year-old or the insanity requirements under the tolling provision. *Ala. Code* § 6-2-8(a). Accordingly, the Court concludes that the tolling provision does not suspend the two-year statute of limitations applicable to Plaintiff's constitutional claims.

B. ADA claim

Plaintiff also brings a claim under the Americans with Disabilities Act ("ADA"), specifically invoking that act and saying, "[u]nder ADA I request accommodation to file this properly." (Doc. 1 at p. 16). Rather than alleging that Defendants have failed to accommodate his disability in some way, Plaintiff appears to ask the Court for relief pursuant to the ADA in filing this civil action. This allegation fails on its face.

3

However, for purposes of this §1915 review, the Court will assume that Plaintiff has stated an ADA claim. The statute of limitations for an ADA claim is two years. *Horsley v. Univ. of Ala.* 564 Fed. App'x. 1006, 1007 (11th Cir. 2014) (citing Ala Code § 6-2-38(l)). This period begins to run when "plaintiff[] knew or should have known that … [he] suffered injury." *Id.* (citing *Chappell v. Rich,* 340 F. 3d 1279, 1283 (11th Cir. 2003)). The allegations on "the face of the complaint" control. *La Grasta v. First Union Secs., Inc.,* 358 F. 3d 840, 845 (11th Cir. 2004). Plaintiff states in his complaint that the facts underlying his claims occurred in "July 2013 through Nov. 2013 on till Jan. 2014." (Doc. 1 at p. 16). Thus, Plaintiff's ADA claim is barred by the two-year statute of limitations. *Horsley*, 564 Fed. App'x at 1008. Further, Plaintiff fails to allege any facts which might permit equitable tolling. *Id.* at 1009 ("[E]quitable tolling typically requires some affirmative misconduct, such as fraud, misinformation, or deliberate concealment, and … 'ignorance of the law does not, on its own, satisfy the constricted extraordinary circumstances test.'")(citation omitted). Accordingly, the Court concludes that Plaintiff's ADA claims are barred by the two-year statute of limitations.

Generally, the statute of limitations is raised as an affirmative defense. However, when a plaintiff proceeds *in forma pauperis* in a civil action, the court may *sua sponte* consider affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board,* 915 F. 2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs,* 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F. 2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id.* at n. 2 (citation omitted). Accordingly, the Plaintiff's constitutional and ADA claims are due to

4

be dismissed upon application of 28 U.S.C. §1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

    C. <u>Alternative bases for dismissal</u>

The Court also notes that there are alternative bases for dismissal of certain defendants. For example, the complaint names the City of Clanton Police Department as a defendant; however, the City of Clanton Police Department is not a legal entity and is not subject to suit. *See Dean v. Barber,* 951 F. 2d 1210, 1214 (11th Cir. 1992). Further, Plaintiff names Judge John H. Jackson as a defendant and alleges that he "waited 3 months to give attorney due process, failure to accept Supreme Court rulings, failure to allow me to appeal case." (Doc. 1 at p. 15). The law, however, is clear that judicial defendants are absolutely immune from suits for money damages arising from acts performed in their judicial capacity. *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (citations omitted). Plaintiff seeks money damages for Judge Jackson's actions or inactions arising from his handling of Plaintiff's case in state court. Thus, it is clear that Defendant Jackson is absolutely immune from money damages because his actions or inactions, as Plaintiff alleges, were performed in his official capacity as Judge. Thus, the claims against these defendants are due to be dismissed upon application of 28 U.S.C. §1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

    III. **CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B). It is further

ORDERED that the Plaintiff may file any objections to this Recommendation on or before **December 4, 2018.** Any objections filed must specifically identify the findings in the Magistrate

Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done, on this the 20th day of November, 2018.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge