IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN H. MINOR, | ) |
| Plaintiff, | ) |
| v. | ) CIV. ACT. NO. 2:16cv904-ECM |
| | ) (WO) |
| JUDGE JOHN H. JACKSON, III, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Plaintiff's motion for reconsideration, or in the alternative, permission to appeal filed on January 14, 2019 (doc. 14). This case was dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B) as untimely and barred by the statute of limitations. *See* Docs. 11 & 12. On the face of the complaint, the Plaintiff's claims accrued "July 13 through Nov. 2013 on till Jan. 2014." (Doc. 1 at 16). The Plaintiff filed his complaint on November 17, 2016 well beyond the two-year statute of limitations. Although the Plaintiff asserts that he is entitled to equitable tolling, "[e]quitable tolling is an extraordinary remedy to be applied sparingly, and is appropriate when a plaintiff untimely files due to extraordinary circumstances that are both beyond [his] control and unavoidable even with diligence." *Horsley v. Univ. of Ala.*, 564 F. App'x 1006, 1008-09 (11th Cir. 2014). Even if the Plaintiff was entitled to a brief period of equitable tolling, by his own admission, he was mentally able to file sue as early as February 2015 -- well before the statute of limitations expired. (Doc. 14 at 2). He offers no explanation as to why the statute of limitations should be tolled

beyond the February 2015 date. Accordingly, upon consideration of plaintiff's motion, and for good cause, it is

ORDERED that the Plaintiff's motion for reconsideration (doc. 14) be and is hereby DENIED.

To the extent that the Plaintiff seeks to appeal, 28 U.S.C. § 1915(a) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, the court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States,* 369 U.S. 438, 445 (1962), or "has no substantive merit." *United States v. Bottoson,* 644 F.2d 1174, 1176 (5th Cir. Unit B 1981).

Applying this standard, the court is of the opinion that Minor's appeal is without a legal or factual basis and, thus, is frivolous and not taken in good faith. *See Rudolph v. Allen,* 666 F.2d 519, 520 (11th Cir. 1982). Accordingly, it is

ORDERED that the appeal in this cause is certified, pursuant to 28 U.S.C. § 1915(a), as not taken in good faith.

DONE this 1st day of April, 2019.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE